EDWARDS et ux. v TEXAS & P. RY. CO.*

No. 1909.

Court of Appeal of Louisiana. First Circuit.

Feb. 15, 1939.

For former opinion, see 185 So. 111.

Frank H. Peterman, of Alexandria, for appellant.

Coco & Coco, of Ville Platte, for appellee.

PER CURIAM.

The able brief presented by learned counsel for the defendant in support of the application for re-hearing in this case commands serious and careful attention and consideration. Two points are particularly stressed which impress us as requiring further comment.

First, counsel complain of the complete rejection of the testimony of the engineer, the fireman, and the brakeman who were all three in the cab of the locomotive and who all testify that because of the sharp look-out that they were keeping they would necessarily have seen the decedent had he been lying on the track. It is urged that there appears to be no reason whatever why this testimony should have been disbelieved and why the court should have accepted purely circumstantial evidence instead on which to rest its decision.

■■ We believe that these witnesses were of the honest conviction that there was no one lying on the track because as they say, they saw no one there. The very reason they give however may have had something to do with their failure to have seen anyone. They say that they were all intently watching at the moment to see if the unlighted gin switch on the track was not open. Might it not be that they were thus so completely absorbed and their attention was so deeply centered on this important duty that other things may have been overlooked. They knew that they had to watch that switch; that was all important. On the other hand there was nothing to arouse their suspicion that a man might be lying on the track at that time and their look-out for such an emergency was secondary. Besides, the testimony of these witnesses must be viewed in the light of the position which they occupied as employees of the defendant company. Whilst that of itself would not render them incompetent as witnesses, still it is a circumstance which has to be taken into consideration in weighing their testimony. This is not meant as a reflection on them or on this class of witnesses in particular but is referred to because of a rule of evidence by which their testimony must be guaged. This rule is based on human nature and is no doubt as old as the law of evidence itself. It finds sanction in our own law in this State as embodied in Article 2282 of our Revised Civil Code which reads as follows: "The circumstances of a witness being a relation, a party to the cause, interested in the result of the suit, *or in the actual service or salary of one of the parties,* is not sufficient to consider the witness as incompetent, but may, according to circumstances, diminish the extent of his credibility." (Italics ours.)

■ The second important complaint made is that the opinion and judgment are based on circumstantial evidence without having excluded every other reasonable hypothesis on which the accident may have

*Writ of error denied by Supreme Court April 3, 1939.

happened. It is stated that one of the links in the chain of evidence as outlined in the opinion was the fact that the decedent's hat and a bundle of his clothes were found undisturbed on the track near the switch, when as a physical fact, it was impossible for the locomotive, because of the size of the bundle, to have passed over it without some sign of it having done so. Granting that the bundle was twelve inches high, or probably more, and therefore stood higher from the ground than the clearance of the pilot on the engine above the crossties on the track, it strikes us that a bundle of clothes packed in a small sack, as was the case here, being a soft object necessarily would have yielded to the weight and the power of a moving locomotive, and then being also of a resilient nature, it would have recoiled and regained its original size and shape after having been run over. This theory it seems to us is as plausible as that advanced by counsel that the decedent might have been stealing a ride either between two box cars or on the rods and in his attempt to get off, the bundle and hat fell in the middle of the track.

Many other points are discussed in connection with the application for re-hearing but they are, as we believe, all covered in the opinion heretofore handed down. Anything further we might say at this time would be more or less in the nature of repetition which is unnecessary.

We are satisfied of the correctness of the judgment rendered and the re-hearing applied for is refused.